Exhibit 1

F-2015-05052

425 Third St. SW, Suite 800
Washington, DC 20024
Phone: 202-646-5172
Fax: 202-646-5199

**Judicial Watch**

# Fax



| To: | State Department | From: | Kate Bailey |
| | | | Judicial Watch |
| **Fax:** | (202) 261-8579 | **Date:** | March 6, 2015 |
| **Re:** | Freedom of Information Act Request | **Pages:** | 4 (including cover) |

☑ **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☑ **Please Reply**   ☐ **Please Recycle**

•**Comments:** If you do not receive all pages, please call 202-646-5172.

## FREEDOM OF INFORMATION ACT REQUEST
### Original will follow by Certified Mail

Stein Declaration
1:15-cv-00689
Exhibit 1



**Judicial Watch**
*Because no one
is above the law!*

March 6, 2015

<u>**VIA CERTIFIED MAIL & FACSIMILE**</u>

Office of Information Programs and Services
A/GIS/IPS/RL
U. S. Department of State
Washington, D. C. 20522-8100
FAX (202) 261-8579

<u>**Re: Freedom of Information Act Request**</u>

Dear Freedom of Information Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Judicial
Watch, Inc. hereby requests that the Department of State produce the following within
twenty (20) business days:

> **Any and all records concerning, regarding, or relating to the use of a non-
> "state.gov" email address by former Secretary of State Hillary Rodham
> Clinton. Such records include, but are not limited to, records concerning
> security, classification, preservation, and compliance with the Federal
> Records Act and/or the Freedom of Information Act.**

**The timeframe for this request is January 20, 2009 to February 20, 2009.**

We call your attention to President Obama's January 21, 2009 Memorandum
concerning the Freedom of Information Act, in which he states:

> All agencies should adopt a presumption in favor of
> disclosure, in order to renew their commitment to the
> principles embodied in FOIA…The presumption of
> disclosure should be applied to all decisions involving
> FOIA.[1]

The memo further provides that "The Freedom of Information Act should be
administered with a clear presumption: In the case of doubt, openness prevails."

Nevertheless, if any responsive record or portion thereof is claimed to be exempt

---

[1] Freedom of Information Act. Pres. Mem. of January 21, 2009, 74 Fed. Reg. 4683.

Department of State
March 6. 2015
Page 2 of 4

from production under FOIA, please provide sufficient identifying information with
respect to each allegedly exempt record or portion thereof to allow us to assess the
propriety of the claimed exemption. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973),
*cert. denied*, 415 U.S. 977 (1974). In addition, any reasonably segregable portion of a
responsive record must be provided, after redaction of any allegedly exempt material. 5
U.S.C. § 552(b).

For purposes of this request, the term "record" shall mean: (1) any written,
printed, or typed material of any kind, including without limitation all correspondence,
memoranda, notes, messages, letters, cards, facsimiles, papers, forms, telephone
messages, diaries, schedules, calendars, chronological data, minutes, books, reports,
charts, lists, ledgers, invoices, worksheets, receipts, returns, computer printouts, printed
matter, prospectuses, statements, checks, statistics, surveys, affidavits, contracts,
agreements, transcripts, magazine or newspaper articles, or press releases; (2) any
electronically, magnetically, or mechanically stored material of any kind, including
without limitation all electronic mail or e-mail; (3) any audio, aural, visual, or video
records, recordings, or representations of any kind; (4) any graphic materials and data
compilations from which information can be obtained; and (5) any materials using other
means of preserving thought or expression.

Judicial Watch also hereby requests a waiver of both search and duplication fees
pursuant to 5 U.S.C. §§ 552(a)(4)(A)(ii)(II) and (a)(4)(A)(iii). Judicial Watch is entitled
to a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because it is a member of
the news media. *Cf. National Security Archive v. Department of Defense*, 880 F.2d 1381,
1387 (D.C. Cir. 1989)(defining news media within FOIA context). Judicial Watch has
also been recognized as a member of the news media in other FOIA litigation. *See, e.g.,
Judicial Watch, Inc. v. U.S. Department of Justice*, 133 F. Supp.2d 52 (D.D.C. 2000);
and, *Judicial Watch, Inc. v. Department of Defense*, 2006 U.S. Dist. LEXIS 44003, *1
(D.D.C. June 28, 2006). Judicial Watch regularly obtains information about the
operations and activities of government through FOIA and other means, uses its editorial
skills to turn this information into distinct works, and publishes and disseminates these
works to the public. It intends to do likewise with the records it receives in response to
this request.

Judicial Watch also is entitled to a complete waiver of both search fees and
duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Under this provision, records:

> shall be furnished without any charge or at a charge
> reduced below the fees established under clause (ii) if
> disclosure of the information is in the public interest
> because it is likely to contribute significantly to public
> understanding of the operations or activities of government
> and is not primarily in the commercial interest of the
> requester.

Department of State
March 6. 2015
Page 3 of 4

5 U.S.C. § 552(a)(4)(A)(iii).

In addition, if records are not produced within twenty (20) business days, Judicial Watch is entitled to a complete waiver of search and duplication fees under Section 6(b) of the OPEN Government Act of 2007, which amended FOIA at 5 U.S.C. § (a)(4)(A)(viii).

Judicial Watch is a 501(c)(3), not-for-profit, educational organization, and, by definition, it has no commercial purpose. Judicial Watch exists to educate the public about the operations and activities of government, as well as to increase public understanding about the importance of ethics and the rule of law in government. The particular records requested herein are sought as part of Judicial Watch's ongoing efforts to document the operations and activities of the federal government and to educate the public about these operations and activities. Once Judicial Watch obtains the requested records, it intends to analyze them and disseminate the results of its analysis, as well as the records themselves, as a special written report. Judicial Watch will also educate the public via radio programs, Judicial Watch's website, and/or newsletter, among other outlets. It also will make the records available to other members of the media or researchers upon request. Judicial Watch has a proven ability to disseminate information obtained through FOIA to the public, as demonstrated by its long-standing and continuing public outreach efforts.

Given these circumstances, Judicial Watch is entitled to a public interest fee waiver of both search costs and duplication costs. Nonetheless, in the event our request for a waiver of search and/or duplication costs is denied, Judicial Watch is willing to pay up to $350.00 in search and/or duplication costs. Judicial Watch requests that it be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

In an effort to facilitate record production within the statutory time limit, Judicial Watch is willing to accept documents in electronic format (e.g. e-mail, .pdfs). When necessary, Judicial Watch will also accept the "rolling production" of documents.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact us immediately at 202-646-5172 or kbailey@judicialwatch.org. We look forward to receiving the requested documents and a waiver of both search and duplication costs within twenty (20) business days. Thank you for your cooperation.

Sincerely,

Kate Bailey
Judicial Watch

Exhibit 2



United States Department of State

*Washington, D.C. 20520*

APR 10 2015

Dear Requester,

RE: <u>Records concerning to the use of a non- "State.gov" email address by former Secretary of State Hillary Rodham Clinton</u>

This is in response to your request dated ___March 6th___. We have assigned Case Control Number ___F-2015-05052___ and will begin the processing of your request based upon the information provided in your communication.

The cut-off date is the date the search is initiated unless you have provided a specific timeframe.

We have considered your request for a fee waiver. Based upon the information provided in your letter, your request for a fee waiver has been granted; therefore, your request will be processed at no charge to you.

Unusual circumstances (including the number and location of Department components involved in responding to your request, the volume of requested records, etc.) may arise that would require additional time to process your request.

We will notify you as soon as responsive material has been retrieved and reviewed.

Should you have any questions, you may call our FOIA Requester Service Center at (202) 261-8484 or send an email to FOIAstatus@state.gov. Please refer to the Case Control Number in any communication.

Sincerely,

Requester Communications Branch
Office of Information Programs & Services

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
*Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

Stein Declaration
1:15-cv-00689
Exhibit 2

Exhibit 3



**United States Department of State**

*Washington, D.C. 20520*

SEP    4 2015

Case No. F-2015-05052
Segment:  M-001

Ms. Kate Bailey
Judicial Watch
425 Third St. SW, Suite 800
Washington, DC 20024

Dear Ms. Bailey:

I refer you to your letter dated March 6, 2015, regarding the release of certain
Department of State material under the Freedom of Information Act (the
"FOIA"), 5 U.S.C. § 552.  We have initiated searches of the following
Department of State record systems:  the Bureau of Administration ("A"), the
Bureau of Diplomatic Security ("DS"), the Office of the Legal Adviser ("L"),
the Office of the Executive Secretariat ("S/ES"), and the Office of the Under
Secretary for Management ("M"). Except as noted below, the searches and
review of the records of these offices are ongoing.

The searches and review of the records of the Office of the Under Secretary for
Management are complete and have resulted in the retrieval of one document
responsive to your request.  After reviewing this document, we have
determined that it requires consultation with another agency.  We have referred
the document to the relevant agency, with a request to respond to you directly
or to advise the Department of State as to any impediments to release as
expeditiously as possible.

- 2 -

We will keep you in informed as your case progresses.  If you have any questions please contact Trial Attorney Andrew Carmichael at (202) 514-3346 or Andrew.E.Carmichael@usdoj.gov.

Sincerely,

John F. Hackett, Director
Office of Information Programs and Services

Exhibit 4



**United States Department of State**

*Washington, D.C. 20520*

Case No. F-2015-05052
Segment: A-0001

Ms. Kate Baily
Judicial Watch                              **NOV 2 3 2015**
425 Third St. SW. Suite 800
Washington, DC 20024

Dear Ms. Bailey:

I refer to our letter dated November 13, 2015, regarding the release of certain
Department of State records under the Freedom of Information Act (the "FOIA"),
5 U.S.C. § 552.

The search of the records provided to the Department by Huma Abedin has been
completed and the review of potentially responsive material is ongoing. At this
time, we have determined that one document may be released with excisions. All
released material is enclosed.

An enclosure explains the FOIA exemptions and other grounds for withholding
material. Where we have made excisions, the applicable FOIA exemptions are
marked on each document.

We will keep you informed as your case progresses. If you have any questions,
please contact Trial Attorney Andrew Carmichael at (202) 514-3346 or
Andrew.E.Carmichael@usdoj.gov.

Sincerely,

*K F Meyers for*

John F. Hackett, Director
Office of Information Programs and Services

Enclosures: As stated

Stein Declaration
1:15-cv-00689
Exhibit 4

Exhibit 5

**United States Department of State**

*Washington, D.C.  20520*

Case No. F-2015-05052
Segment:  A-0002, M-0001

Ms. Kate Bailey
Judicial Watch                                     JAN 2 0 2016
425 Third St. SW. Suite 800
Washington, DC 20024

Dear Ms. Bailey:

I refer to our letter dated November 23, 2015, regarding the release of certain
Department of State records under the Freedom of Information Act (the "FOIA"),
5 U.S.C. § 552.

The searches of the records of the Bureau of Diplomatic Security, the Office of the
Executive Secretariat, and the Office of the Legal Adviser are complete and have
resulted in the retrieval of no documents responsive to your request.

The search of the records provided to the Department in 2015 by Cheryl Mills is
complete and resulted in the retrieval of no records responsive to your request.
The search of the records provided to the Department in 2015 by Jacob Sullivan is
complete and has resulted in the retrieval of one document responsive to your
request. After reviewing this document, we have determined that it may be
released to you in part.

As indicated in our letter dated September 4, 2015, the search of the records of the
Office of the Under Secretary for Management resulted in the retrieval of one
document responsive to your request which required consultation with another
agency. After reviewing this document and in consultation with another agency,
we have determined that the document may be released in part.

An enclosure explains the FOIA exemptions and other grounds for withholding
material. Where we have made excisions, the applicable FOIA exemptions are
marked on each document. All released material is enclosed.

If you have any questions, please contact Trial Attorney Andrew Carmichael at
(202) 514-3346 or Andrew.E.Carmichael@usdoj.gov. Please refer to the case

number F-2015-05052 and the civil action number (15-cv-689) in all
communications regarding this case.

Sincerely,

John F. Hackett, Director
Office of Information Programs and Services

Enclosures:  As stated

Exhibit 6



**United States Department of State**

*Washington, D.C. 20520*

March 4, 2016

Case Nos. F-2015-05052,
F-2015-05776

Ms. Kate Bailey
Judicial Watch
425 Third St. SW, Suite 800
Washington, DC 20024

Dear Ms. Bailey:

I refer to our letter date January 20, 2016 regarding the release of certain
Department of State records under the Freedom of Information Act (the "FOIA"),
5 U.S.C. § 552.

The Department's searches of the additional electronic files that originally resided
in the Office of the Executive Secretariat are complete. The searches did not locate
any documents responsive to your FOIA requests.

This completes our search and production of records responsive to your FOIA
requests. If you have any questions, your attorney may contact Trial Attorney
Andrew Carmichael at (202) 514-3346 or Andrew.E.Carmichael@usdoj.gov.
Please refer to the case numbers shown above and the civil action number, 1:15-
cv-00689, in all correspondence regarding this case.

Sincerely,

Susan C. Weetmer for

John F. Hackett, Director
Office of Information Programs and Services

Stein Declaration
1:15-cv-00689
Exhibit 6

Exhibit 7



**United States Department of State**

*Washington, D.C. 20520*

October 14, 2016

Case No. F-2015-05052
Segment: IPS-0001

Ms. Kate Bailey
Judicial Watch
425 Third St. SW. Suite 800
Washington, DC 20024

Dear Ms. Bailey:

I refer to our letter dated March 4, 2016 regarding the release of certain
Department of State records under the Freedom of Information Act (the "FOIA"),
5 U.S.C. § 552. The search of the materials provided to the Department by the FBI
resulted in the retrieval of two documents responsive to your request. After
reviewing these documents, we have determined that the two documents may be
released in part.

All released material is enclosed. An enclosure explains the FOIA exemptions and
other grounds for withholding material. Where we have made excisions, the
applicable FOIA exemptions are marked on each document. All non-exempt
information that is reasonably segregable from the exempt material has been
released.

If you have any questions, your attorney may contact Trial Attorney Andrew
Carmichael at (202) 514-3346 or Andrew.E.Carmichael@usdoj.gov. Please refer
to the case number shown above and the civil action number, 15-cv-00689, in all
communication regarding this case.

Sincerely,

*Susal C. Wexina* Ar

Eric F. Stein, Acting Co-Director
Office of Information Programs and Services

Enclosures: As stated

Stein
Declaration
1:15-cv-00689
Exhibit 7

Exhibit 8

F-2015-05473

# Judicial Watch®

*Because no one is above the law!*

March 9, 2015

## VIA CERTIFIED MAIL & FACSIMILE

Office of Information Programs and Services
A/GIS/IPS/RL
U. S. Department of State
Washington. D. C. 20522-8100
FAX (202) 261-8579

## Re:  Freedom of Information Act Request

Dear Freedom of Information Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Judicial Watch, Inc. hereby requests that the Department of State produce the following within twenty (20) business days:

**Any and all communications between officials, officers, or employees of the Department of State and officials, officers, or employees of the White House and/or Executive Office of the President concerning, regarding, or relating to the use of non- "state.gov" email addresses by former Secretary of State Hillary Clinton.**

**The timeframe for this request is June 1, 2014 to the present.**

We call your attention to President Obama's January 21, 2009 Memorandum concerning the Freedom of Information Act, in which he states:

> All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA…The presumption of disclosure should be applied to all decisions involving FOIA.[1]

The memo further provides that "The Freedom of Information Act should be administered with a clear presumption: In the case of doubt, openness prevails."

Nevertheless, if any responsive record or portion thereof is claimed to be exempt from production under FOIA, please provide sufficient identifying information with respect to each allegedly exempt record or portion thereof to allow us to assess the

---

[1] Freedom of Information Act. Pres. Mem. of January 21, 2009, 74 Fed. Reg. 4683.

425 Third St., SW, Suite 800, Washington, DC  20024 • Tel: (202) 646-5172 or 1-888-593-8442
FAX: (202) 646-5199 • Email: info@JudicialWatch.org • www.JudicialWatch.org

Stein Declaration
1:15-cv-00689
Exhibit 8

Department of State
March 9, 2015
Page 2 of 4

propriety of the claimed exemption. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). In addition, any reasonably segregable portion of a responsive record must be provided, after redaction of any allegedly exempt material. 5 U.S.C. § 552(b).

For purposes of this request, the term "record" shall mean:  (1) any written, printed, or typed material of any kind, including without limitation all correspondence, memoranda, notes, messages, letters, cards, facsimiles, papers, forms, telephone messages, diaries, schedules, calendars, chronological data, minutes, books, reports, charts, lists, ledgers, invoices, worksheets, receipts, returns, computer printouts, printed matter, prospectuses, statements, checks, statistics, surveys, affidavits, contracts, agreements, transcripts, magazine or newspaper articles, or press releases; (2) any electronically, magnetically, or mechanically stored material of any kind, including without limitation all electronic mail or e-mail; (3) any audio, aural, visual, or video records, recordings, or representations of any kind; (4) any graphic materials and data compilations from which information can be obtained; and (5) any materials using other means of preserving thought or expression.

Judicial Watch also hereby requests a waiver of both search and duplication fees pursuant to 5 U.S.C. §§ 552(a)(4)(A)(ii)(II) and (a)(4)(A)(iii). Judicial Watch is entitled to a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because it is a member of the news media. *Cf. National Security Archive v. Department of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989)(defining news media within FOIA context). Judicial Watch has also been recognized as a member of the news media in other FOIA litigation. *See, e.g., Judicial Watch, Inc. v. U.S. Department of Justice*, 133 F. Supp.2d 52 (D.D.C. 2000); and, *Judicial Watch, Inc. v. Department of Defense*, 2006 U.S. Dist. LEXIS 44003, *1 (D.D.C. June 28, 2006). Judicial Watch regularly obtains information about the operations and activities of government through FOIA and other means, uses its editorial skills to turn this information into distinct works, and publishes and disseminates these works to the public. It intends to do likewise with the records it receives in response to this request.

Judicial Watch also is entitled to a complete waiver of both search fees and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Under this provision, records:

> shall be furnished without any charge or at a charge
> reduced below the fees established under clause (ii) if
> disclosure of the information is in the public interest
> because it is likely to contribute significantly to public
> understanding of the operations or activities of government
> and is not primarily in the commercial interest of the
> requester.

5 U.S.C. § 552(a)(4)(A)(iii).

C05740629

**Department of State**
**March 9, 2015**
**Page 3 of 4**

In addition, if records are not produced within twenty (20) business days, Judicial Watch is entitled to a complete waiver of search and duplication fees under Section 6(b) of the OPEN Government Act of 2007, which amended FOIA at 5 U.S.C. § (a)(4)(A)(viii).

Judicial Watch is a 501(c)(3), not-for-profit, educational organization, and, by definition, it has no commercial purpose. Judicial Watch exists to educate the public about the operations and activities of government, as well as to increase public understanding about the importance of ethics and the rule of law in government. The particular records requested herein are sought as part of Judicial Watch's ongoing efforts to document the operations and activities of the federal government and to educate the public about these operations and activities. Once Judicial Watch obtains the requested records, it intends to analyze them and disseminate the results of its analysis, as well as the records themselves, as a special written report. Judicial Watch will also educate the public via radio programs, Judicial Watch's website, and/or newsletter, among other outlets. It also will make the records available to other members of the media or researchers upon request. Judicial Watch has a proven ability to disseminate information obtained through FOIA to the public, as demonstrated by its long-standing and continuing public outreach efforts.

Given these circumstances, Judicial Watch is entitled to a public interest fee waiver of both search costs and duplication costs. Nonetheless, in the event our request for a waiver of search and/or duplication costs is denied, Judicial Watch is willing to pay up to $350.00 in search and/or duplication costs. Judicial Watch requests that it be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

In an effort to facilitate record production within the statutory time limit, Judicial Watch is willing to accept documents in electronic format (e.g. e-mail, .pdfs). When necessary, Judicial Watch will also accept the "rolling production" of documents.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact us immediately at 202-646-5172 or kbailey@judicialwatch.org. We look forward to receiving the requested documents and a waiver of both search and duplication costs within twenty (20) business days. Thank you for your cooperation.

Sincerely,

Kate Bailey
Judicial Watch

Exhibit 9



United States Department of State

*Washington, D.C. 20520*

**APR 1 0 2015**

Dear Requester,

RE: <u>Communications between officials of the Department of State and officials of the White House concerning the use of non-"state.gov"</u>
This is in response to your request dated <u>March 9, 2015</u>. We have assigned <u>email</u>
Case Control Number <u>F-2015-05473</u> and will begin the processing of <u>addresses</u>
your request based upon the information provided in your communication. <u>by Hillary Clinton.</u>

The cut-off date is the date the search is initiated unless you have provided a
specific timeframe.

We have considered your request for a fee waiver. Based upon the information
provided in your letter, your request for a fee waiver has been granted; therefore,
your request will be processed at no charge to you.

Unusual circumstances (including the number and location of Department
components involved in responding to your request, the volume of requested
records, etc.) may arise that would require additional time to process your request.

We will notify you as soon as responsive material has been retrieved and reviewed.

Should you have any questions, you may call our FOIA Requester Service Center
at (202) 261-8484 or send an email to FOIAstatus@state.gov. Please refer to the
Case Control Number in any communication.

Sincerely,
Requester Communications Branch
Office of Information Programs & Services

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
*Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

Stein Declaration
1:15-cv-00689
Exhibit 9

Exhibit 10



**United States Department of State**

*Washington, D.C. 20520*

Case No. F-2015-05473
Segment: L-001

Ms. Kate Bailey
Judicial Watch
425 Third St. SW Suite 800        NOV 1 3 2015
Washington, DC 20024

Dear Ms. Bailey:

I refer to our letter dated September 4, 2015, regarding the release of certain
Department of State records under the Freedom of Information Act (the "FOIA"),
5 U.S.C. § 552.

The searches and review of the records of the Office of the Legal Adviser have
been completed and have resulted in the retrieval of no documents responsive to
your request.

We will keep you informed as your case progresses. If you have any questions,
your attorney may contact Trial Attorney Andrew Carmichael at (202) 514-3346 or
Andrew.E.Carmichale@usdoj.gov. Please refer to the case number, F-2015-
05473, and the civil action number, 15-cv-00689, in all correspondence regarding
this case.

Sincerely,

*Susal C. Weitmer* For

John F. Hackett, Director
Office of Information Programs and Services

Enclosures: As stated

Stein Declaration
1:15-cv-00689
Exhibit 10

Exhibit 11

**United States Department of State**

*Washington, D.C.  20520*

Case No. F-2015-05473

Ms. Kate Bailey
Judicial Watch                              JAN 2 0 2016
425 Third St. SW. Suite 800
Washington, DC 20024


Dear Ms. Bailey:

I refer to your letter dated March 9, 2015, regarding the release of certain
Department of State records under the Freedom of Information Act, 5 U.S.C. §
552.  We initiated searches of the following Department of State record systems:
the Bureau of Administration, the Office of the Legal Adviser, the Office of the
Executive Secretariat, and the Office of the Under Secretary for Management.

The searches of the records of the Office of the Executive Secretariat, the Office of
the Legal Adviser, and the Office of the Under Secretary for Management have
been completed and have resulted in the retrieval of no documents responsive to
your request.

In our November 13, 2015, letter to you in this case, we inadvertently referred you
to our letter dated September 4, 2015, which related to case number F-2015-05052.

If you have any questions, please have your attorney contact Trial Attorney
Andrew Carmichael at (202) 514-3346 or Andrew.E.Carmichael@usdoj.gov.
Please refer to the case number F-2015-05473 and the civil action number (15-cv-
689) in all communications regarding this case.

                    Sincerely,

                    *K J Meyers fa*

                    John F. Hackett, Director
                    Office of Information Programs and Services


Enclosures:  As stated

Exhibit 12



**Judicial Watch**

*Because no one is above the law!*

March 9, 2015

**VIA CERTIFIED MAIL**

Office of Information Programs and Services
A/GIS/IPS/RL
U. S. Department of State
Washington, D. C. 20522-8100

**Re:  Freedom of Information Act Request**

Dear Freedom of Information Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Judicial Watch, Inc. hereby requests that the Department of State produce the following within twenty (20) business days:

> **Any and all records in the possession or under the control of the State Department related to expenses incurred in the creation, maintenance and/or use of the clintonemail.com email server domain, including but not limited to, expenses for hardware, software, registration fees, account maintenance fees, and security products and services.**

We call your attention to President Obama's January 21, 2009 Memorandum concerning the Freedom of Information Act, in which he states:

> All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA…The presumption of disclosure should be applied to all decisions involving FOIA.[1]

The memo further provides that "The Freedom of Information Act should be administered with a clear presumption: In the case of doubt, openness prevails."

Nevertheless, if any responsive record or portion thereof is claimed to be exempt from production under FOIA, please provide sufficient identifying information with respect to each allegedly exempt record or portion thereof to allow us to assess the propriety of the claimed exemption. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). In addition, any reasonably segregable portion of a

---

[1] Freedom of Information Act. Pres. Mem. of January 21, 2009, 74 Fed. Reg. 4683.

MAR 18 2015

Stein Declaration
1:15-cv-00689
Exhibit 12

State Department/FOIA Request
March 9, 2015
Page 2 of 3

responsive record must be provided, after redaction of any allegedly exempt material. 5
U.S.C. § 552(b).

For purposes of this request, the term "record" shall mean:  (1) any written,
printed, or typed material of any kind, including without limitation all correspondence,
memoranda, notes, messages, letters, cards, facsimiles, papers, forms, telephone
messages, diaries, schedules, calendars, chronological data, minutes, books, reports,
charts, lists, ledgers, invoices, worksheets, receipts, returns, computer printouts, printed
matter, prospectuses, statements, checks, statistics, surveys, affidavits, contracts,
agreements, transcripts, magazine or newspaper articles, or press releases; (2) any
electronically, magnetically, or mechanically stored material of any kind, including
without limitation all electronic mail or e-mail; (3) any audio, aural, visual, or video
records, recordings, or representations of any kind; (4) any graphic materials and data
compilations from which information can be obtained; and (5) any materials using other
means of preserving thought or expression.

Judicial Watch also hereby requests a waiver of both search and duplication fees
pursuant to 5 U.S.C. §§ 552(a)(4)(A)(ii)(II) and (a)(4)(A)(iii).  Judicial Watch is entitled
to a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because it is a member of
the news media. *Cf. National Security Archive v. Department of Defense*, 880 F.2d 1381,
1387 (D.C. Cir. 1989)(defining news media within FOIA context).  Judicial Watch has
also been recognized as a member of the news media in other FOIA litigation. *See, e.g.,
Judicial Watch, Inc. v. U.S. Department of Justice*, 133 F. Supp.2d 52 (D.D.C. 2000);
and, *Judicial Watch, Inc. v. Department of Defense*, 2006 U.S. Dist. LEXIS 44003, *1
(D.D.C. June 28, 2006).  Judicial Watch regularly obtains information about the
operations and activities of government through FOIA and other means, uses its editorial
skills to turn this information into distinct works, and publishes and disseminates these
works to the public. It intends to do likewise with the records it receives in response to
this request.

Judicial Watch also is entitled to a complete waiver of both search fees and
duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).  Under this provision, records:

> shall be furnished without any charge or at a charge
> reduced below the fees established under clause (ii) if
> disclosure of the information is in the public interest
> because it is likely to contribute significantly to public
> understanding of the operations or activities of government
> and is not primarily in the commercial interest of the
> requester.

5 U.S.C. § 552(a)(4)(A)(iii).

In addition, if records are not produced within twenty (20) business days, Judicial
Watch is entitled to a complete waiver of search and duplication fees under Section 6(b)

State Department/FOIA Request
March 9, 2015
Page 3 of 3

of the OPEN Government Act of 2007, which amended FOIA at 5 U.S.C. §
(a)(4)(A)(viii).

Judicial Watch is a 501(c)(3), not-for-profit, educational organization, and, by
definition, it has no commercial purpose. Judicial Watch exists to educate the public
about the operations and activities of government, as well as to increase public
understanding about the importance of ethics and the rule of law in government. The
particular records requested herein are sought as part of Judicial Watch's ongoing efforts
to document the operations and activities of the federal government and to educate the
public about these operations and activities. Once Judicial Watch obtains the requested
records, it intends to analyze them and disseminate the results of its analysis, as well as
the records themselves, as a special written report. Judicial Watch will also educate the
public via radio programs, Judicial Watch's website, and/or newsletter, among other
outlets. It also will make the records available to other members of the media or
researchers upon request. Judicial Watch has a proven ability to disseminate information
obtained through FOIA to the public, as demonstrated by its long-standing and
continuing public outreach efforts.

Given these circumstances, Judicial Watch is entitled to a public interest fee
waiver of both search costs and duplication costs. Nonetheless, in the event our request
for a waiver of search and/or duplication costs is denied, Judicial Watch is willing to pay
up to $350.00 in search and/or duplication costs. Judicial Watch requests that it be
contacted before any such costs are incurred, in order to prioritize search and duplication
efforts.

In an effort to facilitate record production within the statutory time limit, Judicial
Watch is willing to accept documents in electronic format (e.g. e-mail, .pdfs). When
necessary, Judicial Watch will also accept the "rolling production" of documents.

If you do not understand this request or any portion thereof, or if you feel you
require clarification of this request or any portion thereof, please contact us immediately
at 202-646-5170 or bmarshall@judicialwatch.org. We look forward to receiving the
requested documents and a waiver of both search and duplication costs within twenty
(20) business days. Thank you for your cooperation.

Sincerely,

William F. Marshall
Judicial Watch

Exhibit 13



United States Department of State

*Washington, D.C. 20520*

APR 1 0 2015

Dear Requester,

RE: <u>Records regarding expenses incurred in the creation, maintenance, and/or use of Clintonemail.com</u>

This is in response to your request dated <u>March 9, 2015</u>. We have assigned Case Control Number <u>F-2015-05776</u> and will begin the processing of your request based upon the information provided in your communication.

The cut-off date is the date the search is initiated unless you have provided a specific timeframe.

We have considered your request for a fee waiver. Based upon the information provided in your letter, your request for a fee waiver has been granted; therefore, your request will be processed at no charge to you.

Unusual circumstances (including the number and location of Department components involved in responding to your request, the volume of requested records, etc.) may arise that would require additional time to process your request.

We will notify you as soon as responsive material has been retrieved and reviewed.

Should you have any questions, you may call our FOIA Requester Service Center at (202) 261-8484 or send an email to FOIAstatus@state.gov. Please refer to the Case Control Number in any communication.

Sincerely,

Requester Communications Branch
Office of Information Programs & Services

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
*Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

Stein Declaration
1:15-cv-00689
Exhibit 13

Exhibit 14



**United States Department of State**

*Washington, D.C.  20520*

Case No. F-2015-05776
Segment:  DS-0001

Ms. Kate Bailey
Judicial Watch                          ს ა 2 0 ∵
425 Third St. SW. Suite 800
Washington, DC 20024

Dear Ms. Bailey:

I refer to your letter dated March 9, 2015, regarding the release of certain
Department of State records under the Freedom of Information Act (the "FOIA"),
5 U.S.C. § 552.

We initiated searches of the following Department of State record systems:   the
Office of the Executive Secretariat, the Bureau of Information Resource
Management , the Office of the Under Secretary for Management, and Bureau of
Diplomatic Security .

The searches of the records of the Office of the Executive Secretariat, the Bureau
of Information Resource Management, and the Office of the Under Secretary for
Management have been completed and have resulted in the retrieval of no
documents responsive to your request.

The search of the records of the Bureau of Diplomatic Security is complete and
resulted in the retrieval of one document responsive to your request.  After
reviewing this document, we have determined that it must be withheld in full under
FOIA Exemptions  6, and 7, 5 U.S.C. §§ 552 (b)(6), and (b)(7)(C).  An enclosure
explains the FOIA exemptions and other grounds for withholding material.

If you have any questions, please have your attorney contact Trial Attorney
Andrew Carmichael at (202) 514-3346 or Andrew.E.Carmichael@usdoj.gov.

Stein Declaration
1:15-cv-00689
Exhibit 14

Please refer to the case number F-2015-05776 and the civil action number (15-cv-689) in all communications regarding this case.

Sincerely,

John F. Hackett, Director
Office of Information Programs and Services

Enclosures:  As stated

Exhibit 15



**United States Department of State**

*Washington, D.C. 20520*

October 14, 2016

Case No. F-2015-05776

Ms. Kate Bailey
Judicial Watch
425 Third St. SW. Suite 800
Washington, DC 20024

Dear Ms. Bailey:

I refer to our letter dated March 4, 2016 regarding the release of certain
Department of State records under the Freedom of Information Act (the "FOIA"),
5 U.S.C. § 552. The search of the materials provided to the Department by the FBI
resulted in the retrieval of no documents responsive to your request.

If you have any questions, your attorney may contact Trial Attorney Andrew
Carmichael at (202) 514-3346 or Andrew.E.Carmichael@usdoj.gov. Please refer
to the case number shown above and the civil action number, 15-cv-00689, in all
communication regarding this case.

Sincerely,

Susan C. Weamer for

Eric F. Stein, Acting Co-Director
Office of Information Programs and Services

Enclosures: As stated

Stein
Declaration
1:15-cv-00689
Exhibit 15

Exhibit 16

**UNDER SECRETARY OF STATE**

**FOR MANAGEMENT**

**WASHINGTON**

JUL - 8 2016

Dear Mr. Director,

On September 14, 2015, I requested, to the extent the FBI recovers any potential federal records that may have existed on a server used by former Secretary Clinton for her personal email accounts, that the FBI apprise the Department of State insofar as such records correspond with former Secretary Clinton's tenure at the Department. On July 5, 2016, you stated during a press conference that the:

FBI also discovered several thousand work-related e-mails that were not in the group of 30,000 that were returned by Secretary Clinton to State in 2014. We found those additional e-mails in a variety of ways. Some had been deleted over the years and we found traces of them on devices that supported or were connected to the private e-mail domain. Others we found by reviewing the archived government e-mail accounts of people who had been government employees at the same time as Secretary Clinton, including high-ranking officials at other agencies.

Consistent with my September 14, 2015 letter, to the extent that the FBI has recovered former Secretary Clinton's work-related e-mails that were not in the group of e-mails that she provided to the Department of State in December 2014, we ask that the FBI provide such e-mails to the Department and, if possible, in an electronic format.

We thank you in advance for your attention to this matter.

Sincerely,

Patrick F. Kennedy

cc:     Mr. James A. Baker, FBI/OGC
        Mr. Gary Stern, NARA/OGC

The Honorable
        James B. Comey,
                Federal Bureau of Investigation,
                        935 Pennsylvania Avenue, N.W.,
                                Washington, D.C. 20535.

Stein
Declaration
1:15-cv-00689
Exhibit 16

Exhibit 17



**U.S. Department of Justice**

Federal Bureau of Investigation

July 12, 2016

Brian J. Egan, Esq.
U.S. Department of State
2201 C Street, NW
Washington, DC 20520

Dear Mr. Egan:

I am writing to respond to Under Secretary Patrick F. Kennedy's July 9, 2016 letter to FBI Director Comey and to further update my response to the Department of State's letter dated September 2, 2015 regarding the FOIA case, *Judicial Watch v. Department of State* (D.D.C. No. 13-cv-1363), and the Department of State's request for information pursuant to the Court's order of August 20, 2015. As announced by the Department of Justice and FBI last week, the FBI is concluding the investigation referenced in my February 2, 2016 letter.

During the course of the investigation, the FBI obtained certain information that may include agency records of the Department of State. In accordance with our policies and procedures, the FBI will be providing this information to your Department for review and determination of record status pursuant to the Federal Records Act and subsequent FOIA processing as appropriate.

Sincerely,

James A. Baker
General Counsel

Stein
Declaration
1:15-cv-00689
Exhibit 17